# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Tindel, Pamela J.

**DEFENDANTS**

Tyler Junior College

**(b)** County of Residence of First Listed Plaintiff  Smith
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Smith
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Frank Hill, Hill Gilstrap, P.C., 1400 West Abram Street, Arlington, Texas, 76013

Attorneys *(If Known)*

Leigh Porter

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42 USC 2000e et seq); ADA (42 USC 12101 et seq); 42 USC 1981

Brief description of cause:
Discrimination and retaliation, termination of employment, denial of due process

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE  06/04/2013

SIGNATURE OF ATTORNEY OF RECORD  *Frank Hill*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PAMELA TINDEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| TYLER JUNIOR COLLEGE, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Pamela Tindel, Plaintiff in the above-styled and numbered cause ("Plaintiff"), and files this, her Original Complaint against Tyler Junior College ("the College" and/or "Defendant"), and in support thereof would respectfully show the Court the following:

## I.
## THE PARTIES

1.      Plaintiff is an individual residing in Smith County, Texas.

2.      Defendant is a junior college organized and existing pursuant to the laws of the State of Texas for the purpose of operating a junior college in Smith County, Texas. The address of Defendant's administrative offices is 1327 South Baxter Avenue, Tyler, Smith County, Texas 75701. Defendant may be served with process by serving its President, Michael Metke, at the foregoing address; however, at this time, Plaintiff will request a Waiver of Service of Summons from Defendant, in lieu of formal service, by forwarding same, along with a copy of this Complaint, to Defendant's counsel, Leigh Porter. Defendant is being sued under Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e *et seq.*, under the Americans with Disabilities Act

("ADA") 42 U.S.C. § 12101 *et. seq.*, under Chapter 21 of the Texas Labor Code, for federal and state constitutional and/or statutory violations, and for breach of contract.

## II.
## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to the United States Constitution, particularly the First, Fifth, and Fourteenth Amendments, and under federal statutory law, particularly Title VII, the ADA and 42 U.S.C. §§ 1981, 1981a, 1983, and 1988.

4.      This Court is vested with original and supplemental jurisdiction over these claims by operation of 28 U.S.C. §§ 1331, 1343, and 1367.

5.      This Court has in personam jurisdiction over Defendant because it is a junior college organized and existing pursuant to the laws of the State of Texas, located in the State of Texas. Moreover, Defendant is a state actor.

6.      This Court has pendent jurisdiction over the state law claims asserted by Plaintiff herein, including the breach of contract claim and those claims asserted under the Texas Constitution, Chapter 21 of the Texas Labor Code, Chapter 106 of the Texas Civil Practice and Remedies Code, and Texas common law and/or statute.

7.      Venue lies in this judicial district pursuant to 28 U.S.C. § 1391 because it is the judicial district in which Defendant resides and in which a substantial part of the events or omissions giving rise to the claim occurred.

## III.
## FACTUAL BACKGROUND

8.      Plaintiff was hired as a part-time instructor by the College in 2006. That is, she received part-time pay, although she taught the equivalent of a full-time course load for two years. She began to be paid as a full-time professor of mathematics in 2008. At the direction of

the provost, Mark Escamilla, she obtained a masters degree.  Although she had been promised a raise commensurate with her new credentials, the new provost, Butch Hayes, together with the College's executive director of human resources, Kevin Fowler, denied such raise.  Ultimately, around July 2011, such issue was resolved.

9.      In the spring of 2012, Plaintiff was assigned to teach in a part of the College's campus called the "Apache Woodlands."  This is approximately one mile from the main building of the campus, and a half mile from what was, at the time, the College's math building.  Apache Woodlands includes 16 portable buildings leased from the Tyler Independent School District (for $1 per year).  Originally, Plaintiff's classes were scheduled to be in the math building, but just before classes began in January 2012, they were changed to be in the Apache Woodlands portables.

10.      At the beginning of the semester, Plaintiff taught in five different portables, and their condition was dreadful.  Not every one had the same problems, but the issues included the following:  there were no blinds on the windows; broken windows were taped over; dead insects were visible; there were holes in the walls, and bats living in the ceiling of one of the portables; the bathroom doors had no clasps to keep them closed; the blackboards were too worn out to be usable, or were too short to be seen by students in the back of the class; in January and February, there was insufficient heat – one Monday a student brought a thermometer and the temperature never got above 43° F in the classroom.

11.      The students Plaintiff taught were taking developmental courses.  They were disproportionately members of racial minorities.  It was clear to them and to Plaintiff that their classes were scheduled in inferior and inconvenient classrooms, despite the availability of classrooms on the main campus, in cleaner facilities with functioning equipment.  Plaintiff's

students had to walk past those buildings to get to the Apache Woodlands, to attend their classes in forty-year-old portable buildings which the Tyler public school district had essentially discarded.

12.     If this was not bad enough, in a past semester Plaintiff had been told by Billie Anderson, her department head, to put a blind student out in the hall and lock the door after class, rather than let a student aide walk him to where his ride would pick him up.  In the fall of 2011, Plaintiff's attempts to accommodate deaf students, by making sure each was assigned to a class which had an interpreter, were met with resistance.

13.     In short, the discrimination by the College took the form of subjecting the students least able to speak up for themselves to the worst available facilities.  The College took advantage of its most vulnerable students, those who in many cases had been victimized by school systems and bureaucracies in the past, and who were least equipped to seek relief or make complaints.  Plaintiff spoke out against the disparate impact the College's decisions were having on racial minorities and disabled students, and in response, the College, through Kevin Fowler and others, retaliated against Plaintiff.

14.     By email and in face-to-face meetings, she had alerted her supervisors, in previous semesters, regarding issues which could arise if disabled students were denied services, as was occurring with blind and deaf students in Plaintiff's classes, as set forth above.  The concerns Plaintiff raised were eventually addressed, but valuable instruction time was lost, the students suffered, and the College later attempted to portray Plaintiff as "difficult" because she exercised protected speech on behalf of disabled students.

15.     In February 2012, Plaintiff brought her concerns regarding the developmental students, who were disproportionately minority and learning disabled, to the faculty senate.

Plaintiff complained about the facilities, which were impacting her students' ability to learn, and which had a disparate impact on protected classes such as African-American and Hispanic students.

16.     Ultimately, on March 9, 2012, the College sent Plaintiff a letter notifying her that Tyler Junior College would not renew her contract of employment. On August 31, 2012, Plaintiff's contract expired and she is now out of work.

17.     After she received her notification of nonrenewal from the president of the College, Plaintiff retained counsel and requested a hearing. The College represented to Plaintiff, and promised Plaintiff, that she would receive a fair hearing and would be afforded due process. She relied on such promises. The College did not provide a fair hearing, however. On June 19, 2012, the College convened a hearing at which key witnesses, including Dean Lisa Harper, gave false and damaging testimony contrary to statements they had made in the past.

18.     For example, on April 19, 2012, Lisa Harper repeatedly stated that she did not know why Plaintiff's contract was not renewed. Yet at the hearing she testified that she had been part of the decision-making process for Plaintiff's termination. The hearing was subverted by such perjury. The College purposefully denied Plaintiff due process, in breach of her contract and in breach of her Constitutional rights. The hearing culminated in a wholly unjustified affirmation of the College's decision not to renew Plaintiff's contract, based on falsified evidence.

19.     The College took the position that it chose not to renew Plaintiff's contract because Plaintiff was divisive and not a team player. During her six years at the college, however, Plaintiff was never counseled that there was any problem with her performance as a professor, nor that she was divisive or difficult or not a team player. Such allegations were a

pretext for Plaintiff's termination, and came after-the-fact, as the College attempted to justify its retaliation against Plaintiff.

20.    Furthermore, these allegations by the College are false.  Plaintiff went above and beyond for her students and her colleagues.  One of the students she tutored, on her own time, was the son of Kevin Fowler, the College's executive director of human resources.  Plaintiff taught classes in a wheel chair after having surgery, rather than taking paid sick leave to which she was entitled, in order to ensure continuity for her students.  Plaintiff taught night classes even when she was eligible to insist on only teaching day-time classes.  Plaintiff improved the College's visibility and reputation by speaking at national conferences.  Plaintiff attended workshops and obtained training for teaching online.  She developed and shared a reframing of the math textbook so that students with learning disabilities who could not read the explanations in the textbooks could grasp and retain the math concepts she was teaching.

21.    Despite Plaintiff's commitment to the College and its students, the College attempted to depict her as divisive and "difficult" in justifying its decision not to renew her contract.  This was in retaliation for Plaintiff's efforts to correct the discrimination she witnessed, and violated her contractual and Constitutional rights.

22.    The policies of the College required due process and non-discrimination and such policies were part of Plaintiff's contract, under Texas law.  More specifically, the College's policies, including but not limited to FA(LEGAL), FDE(LOCAL), GL(LEGAL), EFCA(LEGAL), DAA(LEGAL), and DOA(LOCAL) prohibit discrimination, and policies including, but not limited to, FA(LEGAL), FDE(LOCAL), DAA(LEGAL), and DOA(LOCAL) prohibit retaliation.  Pursuant to the College's policy DMAA(REGULATION), made applicable

to Plaintiff by DMAB(LOCAL), Plaintiff was also entitled to due process.  In violating its own policies, the College breached its contract with Plaintiff.

23.     In addition, because such policies were part of Plaintiff's contract, she had a property interest in the policies, which included a right to a fair hearing if she alleged that she was dismissed for discriminatory and unconstitutional reasons.  Plaintiff was denied the fair hearing required under the College's policies because she alleged racial discrimination, discrimination based on color, and denial of rights to disabled students.  The College retaliated against Plaintiff for exercising her First Amendment right to free speech; her academic freedom was denied, and she was retaliated against for speaking out.  The College unconstitutionally punished Plaintiff for speaking out and supporting the rights of protected classes, in the face of racial discrimination and denial of rights to the disabled.  The actions against Plaintiff were arbitrary and capricious.

24.     As a result of the College's retaliatory actions, Plaintiff has lost her salary for the coming years.  Because the College paid Plaintiff's salary through August 31, 2012, but failed to permit her to teach summer classes, she has also lost her summer pay for the year 2012, in the amount of approximately $3600.  In addition, Plaintiff has lost a Texas Community College Teachers Association board position for the 2012-2013 academic year.  Plaintiff had been nominated to serve on such board, and her nomination had been accepted, but because she was no longer a full-time community college teacher, she was ineligible to serve.

25.     In addition, the College violated Plaintiff's rights under the ADA.  Plaintiff suffers from a bleeding disorder called Von Willebrand's Disease.  Pursuant to the ADA, Von Willebrand's Disease is a recognized disability, and bleeding episodes are to be accommodated by employers such as the College.  One of Plaintiff's portable classrooms at the Apache

Woodlands was several portable buildings and two ramps away from the only restroom facilities at the Apache Woodlands.  Plaintiff's request for a classroom in closer proximity to a restroom was eventually granted, but the College terminated her the following month, based in part on her allegedly "never being satisfied" with the location of her classrooms.

26.     Plaintiff filed charges of discrimination based on the foregoing with the Texas Workforce Commission and with the United States Equal Employment Opportunity Commission ("EEOC").  On March 8, 2013, Plaintiff received her Notice of Right to Sue from the EEOC.

## IV.
## CAUSES OF ACTION

27.     *Alternative Pleadings.*  To the extent necessary, each of the claims set forth below is pleaded in the alternative.[1]

A.     **Count One:**

### Violation of Title VII of the Civil Rights Act of 1964:
### Discrimination and Retaliation.

28.     To the extent necessary, Paragraphs 1 through 26 of this Complaint are hereby incorporated by this specific reference, as though fully set forth herein.

29.     As set forth above, Defendant's actions amount to discrimination and retaliation, and constitute violations under Title VII.  Defendant is prohibited from discriminating against its students based on race and/or color under Title VII, and further, Defendant is prohibited from retaliating against Plaintiff because she opposed such discrimination.  Therefore, Defendant has violated Title VII.

30.     As a result of the forgoing, Plaintiff has been injured and/or damaged, and Plaintiff hereby seeks to recover any and all remedies afforded and/or available under law and/or

---

[1] Plaintiff has exhausted and/or attempted to exhaust any and all necessary administrative remedies, or in the alternative, such administrative remedies are useless to pursue and/or have been rendered useless to pursue by Defendant.

in equity, including but not limited to her damages resulting from said conduct by Defendant in an amount to be proven and/or determined at the time of trial, injunctive relief, equitable relief, and her attorneys' fees and costs.

**B.      Count Two:**

### Violation of Chapter 21 of the Texas Labor Code:
### Discrimination and Retaliation.

31.     To the extent necessary, Paragraphs 1 through 26 of this Complaint are hereby incorporated by this specific reference, as though fully set forth herein.

32.     As set forth above, Defendant's actions amount to discrimination and retaliation, and constitute violations under Chapter 21 of the Texas Labor Code.  Defendant is prohibited from discriminating against its students based on their race and/or color under Chapter 106 of the Texas Civil Practice and Remedies Code, and further, Defendant is prohibited by Chapter 21 of the Texas Labor Code from retaliating against Plaintiff because she opposed such discrimination. Therefore, Defendant has violated Chapter 21 of the Texas Labor Code.

33.     As a result of the forgoing, Plaintiff has been injured and/or damaged, and Plaintiff hereby seeks to recover any and all remedies afforded and/or available under law and/or in equity, including but not limited to her damages resulting from said conduct by Defendant in an amount to be proven and/or determined at the time of trial, injunctive relief, equitable relief, and her attorneys' fees and costs.

**C.      Count Three:**

### Violation of the ADA and Chapter 21 of the Texas Labor Code:
### Discrimination and Retaliation Based on Disability.

34.     To the extent necessary, Paragraphs 1 through 26 of this Complaint are hereby incorporated by this specific reference, as though fully set forth herein.

35.    Under the ADA and Section 21.051 and 21.055 of the Texas Labor Code, it is unlawful for an employer to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, or to limit its employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee because of the employee's disability.  As set forth above, Defendant's actions violated the ADA and Section 21.051 and 21.055 of the Texas Labor Code because Plaintiff's disability, as well as her assertion of rights to accommodation, for herself and her students, were motivating factors in adverse employment actions by Defendant.

36.    Defendant acted in violation of the ADA and Section 21.051 and 21.055 of the Texas Labor Code by discriminating and retaliating against Plaintiff in terminating her, and by relying on her disability and her assertion of her and her students' rights to accommodation for such disability, as motivating factors for such termination.

37.    As a result of the forgoing, Plaintiff has been injured and/or damaged, and Plaintiff hereby seeks to recover any and all remedies afforded and/or available under law and/or in equity, including but not limited to her damages resulting from said conduct by Defendant in an amount to be proven and/or determined at the time of trial, injunctive relief, equitable relief, and her attorneys' fees and costs.

**D.    Count Four:**

**Violations of the United States Constitution, Fifth and Fourteenth Amendments, and the Texas Constitution, Article I, § 19: Procedural and Substantive Due Process.**

38.    To the extent necessary, Paragraphs 1 through 26 of this Complaint are hereby incorporated by this specific reference, as though fully set forth herein.

39.     As set forth above, Defendant's actions constitute violations of rights protected by 42 U.S.C. § 1983, which prevents Defendant from depriving Plaintiff of her rights, privileges, and/or immunities secured under the United States Constitution.

40.     Defendant deprived Plaintiff of her right to procedural and substantive due process, as secured by the Fifth and Fourteenth Amendments to the United States Constitution. Additionally or alternatively, Defendant deprived Plaintiff of her right to procedural and substantive due process, as secured by Article I, Section 19 of the Texas Constitution.

41.     Defendant violated Plaintiff's right to procedural due process by depriving Plaintiff of her protected property interest in her employment contracts and agreements with Defendant and/or in the policies, procedures, guidelines, rules, and/or regulations of Defendant, without due process and/or due course of law.  Additionally or alternatively, Defendant violated Plaintiff's right to procedural due process by diminishing Plaintiff's protected property interest in her employment contracts and agreements with Defendant and/or in the policies, procedures, guidelines, rules, and/or regulations of Defendant, without due process and/or due course of law.

42.     Additionally or alternatively, Defendant violated Plaintiff's right to procedural due process by depriving Plaintiff of her protected liberty interest in her good name and reputation, as well as her ability to pursue her chosen profession, without due process and/or due course of law.  Additionally or alternatively, Defendant violated Plaintiff's right to procedural due process by diminishing Plaintiff's protected liberty interest in her good name and reputation, as well as her ability to pursue her chosen profession, without due process and/or due course of law.

43.     Additionally or alternatively, Defendant violated Plaintiff's right to procedural due process by depriving, diminishing, and/or interfering with Plaintiff's right to be free from

discrimination based on disability, and/or her right to be free from retaliation for opposing unlawful discrimination based on race, color or disability, and/or unlawful employment practices, without due process and/or due course of law.

44.    Plaintiff was entitled to a hearing and an opportunity for redress of her claims of unlawful discrimination, unlawful employment practices, and/or retaliation, which are provided for by law; however, Defendant failed and/or refused to provide Plaintiff with the minimal procedural due process and/or the procedural redress system incorporated into Defendant's policies, procedures, guidelines, rules, and/or regulations, effectively denying Plaintiff the due process rights to which she was entitled, and thus violating her right to procedural due process guaranteed by the United States and Texas Constitutions.

45.    Additionally or alternatively, Defendant violated Plaintiff's right to procedural due process by taking adverse and/or retaliatory employment actions against her, without cause and/or for no other reason than because of unlawful discrimination or unlawful employment practices and/or Plaintiff's opposition to Defendant's unlawful discrimination or unlawful employment practices.  Defendant's failure and/or refusal to provide a non-discriminatory cause and/or reasons for taking adverse and/or retaliatory employment actions against Plaintiff, in conjunction with Defendant's failure and/or refusal to offer the proper procedural review of Plaintiff's allegations, constitute violations of Plaintiff's constitutional right to procedural due process.

46.    Moreover, Plaintiff also possesses a claim against Defendant for violation of substantive due process for Defendant's arbitrary, capricious, unreasonable, and/or irrational actions against taken her.  Additionally or alternatively, Plaintiff has been deprived of her

protected and fundamental rights without due process of laws in an arbitrary, capricious, unreasonable, and/or irrational manner.

47.    Defendant's actions and/or conduct further constitute a deprivation of due process, as each and all of the above acts and/or omissions were made in recognition of, as a part of, and/or as a result of the policies, practices, and/or customs of Defendant and were made, an act of, caused to happen, and/or ratified by policymakers for Defendant, through action and/or inaction.  Such actions and/or conduct were non-legislative in nature and deprived Plaintiff of her fundamental rights and/or property and/or liberty interests.  Additionally or alternatively, such actions and/or conduct taken by Defendant against Plaintiff were non-legislative and all were arbitrary, capricious, unreasonable, and/or irrational state action, depriving Plaintiff of her fundamental rights and/or property and/or liberty interests, and were done under color of law.

48.    As a result of the forgoing, Plaintiff has been injured and/or damaged, and Plaintiff hereby seeks to recover any and all remedies afforded and/or available under law and/or in equity, including but not limited to her damages resulting from said conduct by Defendant in an amount to be proven and/or determined at the time of trial, injunctive relief, equitable relief, and her attorneys' fees and costs.

E.    **Count Five:**

> **Violations the United States Constitution, Fourteenth Amendment,**
> **and the Texas Constitution, Article I §§ 3 and 3a: Equal Protection.**

49.    To the extent necessary, Paragraphs 1 through 26 of this Complaint are hereby incorporated by this specific reference, as though fully set forth herein.

50.    As set forth above, Defendant's actions constitute violations of 42 U.S.C. § 1983, which prevents Defendant from depriving Plaintiff of her rights, privileges, and/or immunities secured under the United States Constitution.

51.     As a result of the forgoing, Plaintiff has been injured and/or damaged, and Plaintiff hereby seeks to recover any and all remedies afforded and/or available under law and/or in equity, including but not limited to her damages resulting from said conduct by Defendant in an amount to be proven and/or determined at the time of trial, injunctive relief, equitable relief, and her attorneys' fees and costs.

F.     **Count Six:**

> **Violations of the United States Constitution, First and Fourteenth Amendments, and the Texas Constitution, Article I, § 8: Free Speech.**

52.     To the extent necessary, Paragraphs 1 through 26 of this Complaint are hereby incorporated by this specific reference, as though fully set forth herein.

53.     As set forth above, Defendant deprived and/or improperly diminished Plaintiff's right to free speech, as secured by the First Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment.   Additionally or alternatively, Defendant deprived and/or improperly diminished Plaintiff's right to free speech as secured by Article I, Section 8 of the Texas Constitution.

54.     Furthermore, Defendant engaged in retaliation and/or unlawful acts against Plaintiff for exercising and/or attempting to exercise her protected constitutional right of free speech.  Defendant punished and/or retaliated against Plaintiff when she spoke out about matters of public concern and/or in opposition to unlawful or discriminatory practices and actions being taken by Defendant, which included discrimination based on race, color, and disability.  Plaintiff opposed and spoke out about such complained of conduct internally through Defendant's internal channels and procedures, as well as externally to the EEOC,  and did so outside her general

and/or direct chain of command and/or outside the course and scope of her normal and/or official duties.

**G.     Count Seven:**

<b>Violations of 42 U.S.C. § 1981.</b>

55.     To the extent necessary, Paragraphs 1 through 26 of this Complaint are hereby incorporated by this specific reference, as though fully set forth herein.

56.     As set forth above, Defendant's actions against Plaintiff's students constitute violations of 42 U.S.C. § 1981,[2] which entitles such students to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by all citizens, and subjects them to like punishment, pains, and penalties of every kind, and to no other. Additionally or alternatively, Defendant's conduct against Plaintiff's students violated their rights protected by 42 U.S.C. § 1981 because such conduct by Defendant constituted impairment by discrimination and/or impairment under color of State law.

57.     As a result of her complaints regarding such violations by Defendant, Plaintiff has been injured and/or damaged, and Plaintiff hereby seeks to recover any and all remedies afforded and/or available under law and/or in equity, including but not limited to her damages resulting from said conduct by Defendant in an amount to be proven and/or determined at the time of trial, injunctive relief, equitable relief, and her attorneys' fees and costs.

**H.     Count Eight:**

<b>Breach of Contract.</b>

58.     To the extent necessary, Paragraphs 1 through 26 of this Complaint are hereby incorporated by this specific reference, as though fully set forth herein.

---

[2] To the extent necessary, this claim is brought through and/or by 42 U.S.C. § 1983.

59.     As set forth above, Defendant breached its oral and/or written contracts with Plaintiff by failing and/or refusing to abide by and/or comply with the terms thereof, including Defendant's representations and promises that it would provide due process and a fair hearing to Plaintiff.  Additionally or alternatively, because Defendant's policies, procedures, guidelines, rules, and/or regulations are part of Plaintiff's employment contract with Defendant, Defendant breached such contract by not adhering to its own policies, procedures, guidelines, rules, and/or regulations designated to apply to specific incidences as alleged herein, including but not limited to the prohibition of discrimination and retaliation, and the provision of due process.

60.     As a result of Defendant's breach, Plaintiff was denied rights, benefits, and/or remedies contractually afforded to Plaintiff by her contracts and/or agreements, as well as by Defendant's policies, procedures, guidelines, rules, and/or regulations, and Defendant's express representations to Plaintiff.

61.     As a result of the foregoing, Plaintiff has been injured and/or damaged, and Plaintiff hereby seeks to recover any and all remedies afforded by Chapter 38 of the Texas Civil Practice and Remedies Code and/or under law and/or in equity, including but not limited to her damages resulting from said breach by Defendant in an amount to be proven and/or determined at the time of trial, equitable relief, and her attorneys' fees and costs.

## V.
## REQUESTED RELIEF

62.     As the direct and/or proximate result of the actions and/or conduct of Defendant complained of herein, Plaintiff has suffered, and continues to suffer, from intentional discrimination and/or discriminatory treatment, as well as adverse employment actions and retaliation, which have damaged and caused, and continue to damage and cause, Plaintiff to experience damages, emotional distress, and mental anguish.  Additionally, Defendant violated

Plaintiff's constitutional rights as set forth more specifically above.  As such, Plaintiff seeks to recover from Defendant, her actual and/or economic damages occasioned by the wrongful acts of Defendant herein described, in amounts that are within the jurisdictional limits of this Court to be proven and/or determined at the time of trial.

63.     As to claims under Title VII, Plaintiff herein sues Defendant pursuant to 42 U.S.C. §§ 2000e *et seq*.  All of Defendant's conduct was under color of law.  Accordingly, Plaintiff seeks recovery of the full measure of relief and damages provided by Title VII against Defendant, including but not necessarily limited to damages for her loss of wages, past and future, the harm to her personal and professional reputation, out-of-pocket losses and/or expenses, emotional pain and suffering, inconvenience, mental anguish, and other pecuniary and non-pecuniary losses in an amount within the jurisdictional limits of this Court to be proven at trial.  Plaintiff also seeks back pay and front pay damages from Defendant in the amount equal to the difference between the wages actually received by Plaintiff and the wages Plaintiff would have received had she not been discriminated and retaliated against, together with an additional amount as compensatory damages, in addition to reasonable and necessary attorneys' fees and any and all other equitable, injunctive, and compensatory relief which may be available.

64.     As to Plaintiff's claims based on retaliation under Chapter 21 of the Texas Labor Code, all of Defendant's conduct was under color of law.  Accordingly, Plaintiff seeks recovery of the full measure of relief and damages provided by Chapter 21 of the Texas Labor Code against Defendant, including but not necessarily limited to damages for her loss of wages, past and future, the harm to her personal and professional reputation, out-of-pocket losses and/or expenses, emotional pain and suffering, inconvenience, mental anguish, and other pecuniary and non-pecuniary losses in an amount within the jurisdictional limits of this Court to be proven at

trial.  Plaintiff also seeks back pay and front pay damages from Defendant in the amount equal to the difference between the wages actually received by Plaintiff and the wages Plaintiff would have received had she not been discriminated against, together with an additional amount as compensatory damages, in addition to reasonable and necessary attorneys' fees and any and all other equitable, injunctive, and compensatory relief which may be available.

65.    As to claims for discrimination based on disability, under the ADA and Chapter 21 of the Texas Labor Code, Plaintiff has as suffered monetary damages for which she herein sues.  Plaintiff has suffered a diminished income, a diminished earning capacity, and loss of employment benefits, and she has suffered mental anguish as a result of Defendant's intentional and wrongful conduct.  Accordingly, Plaintiff seeks recovery of the full measure of relief and damages against Defendant, including but not necessarily limited to damages for her loss of wages, past and future, the harm to her personal and professional reputation, out-of-pocket losses and/or expenses, emotional pain and suffering, inconvenience, mental anguish, and other pecuniary and non-pecuniary losses in an amount within the jurisdictional limits of this Court to be proven at trial.  Plaintiff also seeks back pay and front pay damages from Defendant in the amount equal to the difference between the wages actually received by Plaintiff and the wages Plaintiff would have received had she not been discriminated against, together with an additional amount as compensatory damages, in addition to reasonable and necessary attorneys' fees.

66.    As to claims for federal violations of the United States Constitution and federal statutes, Plaintiff herein sues Defendant pursuant to 42 U.S.C. § 1983.[3]  All of Defendant's conduct was under color of law.  Accordingly, Plaintiff seeks recovery of the full measure of relief and damages against Defendant, including but not limited to compensatory damages and/or

---

[3] To the extent necessary, as to claims for violations of 42 U.S.C. §§ 1981 and/or 1985, Plaintiff herein sues Defendant pursuant to 42 U.S.C. § 1983.

nominal damages (including mental anguish and emotional distress damages), consequential and incidental damages, and any and all other equitable, injunctive, and compensatory relief which may be available under law and/or in equity.

67.     As to claims for state violations of the Texas Constitution, Plaintiff herein sues Defendant pursuant to the Texas Constitution.   Accordingly, Plaintiff seeks recovery of all equitable relief which may be available under law and/or in equity.

68.     As to claims for breach of employment contract, Plaintiff sues Defendant pursuant to Texas law and Chapter 38 of the Texas Civil Practice and Remedies Code.  Because Plaintiff has suffered substantial damages from Defendant's breach, Plaintiff seeks recovery of any and all remedies afforded by Chapter 38 of the Texas Civil Practice and Remedies Code and/or under law and/or in equity, including but not limited to compensatory damages, consequential and incidental damages, attorneys' fees, and any and all other equitable and compensatory relief which may be available to and/or recoverable by Plaintiff.

## VI.
## FEES, COSTS, AND INTEREST

69.     Plaintiff has retained the law firm of Hill Gilstrap, P.C. to represent her in connection with this matter, and has agreed to pay for such reasonable and necessary services.  In addition to and without waiving and/or limiting any other relief requested in this Complaint, Plaintiff is entitled to and seeks to recover her reasonable and necessary attorneys' fees and costs incurred and to be incurred in bringing this suit and in all appeals of this suit, as permitted by law, in equity, and/or pursuant to 42 U.S.C. §§ 1981, 1983, 1988(b), and 2000e-5(k), 29 U.S.C. §§ 216(b) and 626(b), TEX. LAB. CODE § 21.259, and/or Chapter 38 of the Texas Civil Practice and Remedies Code.

70.     Also, pursuant to 42 U.S.C. § 1988(c) and 2000e-5(k) and/or TEX. LAB. CODE §
21.259, Plaintiff seeks to recover any and all expert fees, which she incurs and/or may incur in
bringing this suit.

71.     Additionally, Plaintiff seeks to recover costs of court, along with pre-judgment
and post-judgment interest at the maximum rate permitted by law.

## VII.
## CONDITIONS PRECEDENT

72.     All conditions precedent to the relief being sought by Plaintiff in this Complaint
have been performed, have occurred, and/or have been waived.

## VIII.
## DEMAND FOR JURY TRIAL

73.     Pursuant to the Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests
trial by jury and will tender the requisite fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing,
Plaintiff recover judgment against Defendant and be awarded:

(1)     any and all amounts recoverable and/or recognizable as damages under law and/or
        in equity, resulting and/or occasioned by the wrongful acts and/or conduct of
        Defendant (as set forth above more specifically);

(2)     injunctive relief to the extent permitted by law and/or equity;

(3)     other equitable relief to the extent permitted by law and/or equity;

(4)     her litigation expenses and costs, including but not limited to her reasonable and
        necessary attorneys' fees and costs and any applicable expert fees;

(5)     pre-judgment and post-judgment interest at the maximum rate permitted by law;

(6)     costs of court; and

(7)     such other and further relief, both general and special, at law and in equity, to
which Plaintiff may show herself to be justly entitled.


                         Respectfully submitted,


                          /s/ Frank Hill_____
                         Frank Hill                    09632000
                         Stefanie M. Klein *of counsel* 11565650

                         HILL GILSTRAP, P.C.
                         1400 West Abram Street
                         Arlington, Texas  76013
                         (817) 261-2222
                         (817) 861-4685 Facsimile
                         fhill@hillgilstrap.com
                         sklein@hillgilstrap.com

                         ATTORNEYS FOR PLAINTIFF